FILED & JUDGMENT ENTERED
David E. Weich

Aug 31 2005

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

_____
George R. Hodges
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| In Re: ) | Case No. 05-31232 |
| ) | Chapter 13 |
| **LARRY BRENT,** ) | |
| ) | |
| Debtor(s). ) | |
| _____) | |

**ORDER GRANTING MOTION TO AVOID JUDICIAL LIEN
AND OVERRULING OBJECTION TO MOTION TO AVOID
<u>JUDICIAL LIEN, OBJECTION TO CONFIRMATION OF PLAN</u>**

This matter is before the court on the Objection to Motion to Avoid Judicial Lien, Objection to Confirmation of Plan and Request for Hearing of CreditOne, LLC ("CreditOne") and the debtor's response thereto. The court has concluded that the objections of CreditOne should be overruled, and the debtor's motion to avoid the lien of CreditOne should be granted.

<u>Background</u>

1. On May 28, 2004, CreditOne obtained a judgment against the debtor in Mecklenburg County District Court in case number

04-CvD-3342. The judgment created a lien against the debtor's residence located at 8842 Hunter Ridge Drive.

2. The debtor's residence was subject to a first deed of trust in favor of Wells Fargo Home Mortgage in the amount of $98,560.00 and a second deed of trust in favor of Citifinancial Services, Inc. ("Citifinancial") in the amount of $15,000.00.

3. The debtor refinanced his residence on May 22, 2004, at which time New Freedom Mortgage Corporation ("New Freedom") took a first deed of trust on the debtor's residence, and Citifinancial subordinated its lien to New Freedom's deed of trust.

4. New Freedom's deed of trust and Citifinancial's subordination agreement were recorded on July 9, 2004, more than one month after CreditOne obtained its judgment against the debtor.

5. Therefore, CreditOne's lien was recorded first and takes priority over the first and second mortgages. See Webster's Real Estate Law in North Carolina § 17.2, p. 806 (5th ed. 1999).

6. In his Chapter 13 Plan Summary, the debtor included a motion to avoid CreditOne's lien in the amount of $9,435.18. In that motion, the debtor listed his residence as having a fair market value of $95,000.00. In addition, the debtor's motion asserts that the existence of CreditOne's lien impairs the

$10,000 exemption to which the debtor is entitled under 11 U.S.C. § 522.

7. CreditOne objects to that motion arguing that the judicial lien of CreditOne takes priority over the liens of New Freedom and Citifinancial and, therefore, does not impair the exemptions to which the debtor would be entitled under 11 U.S.C. § 522.

Discussion

8. The issue, then, is whether the court should take into consideration the priority position of CreditOne's lien when determining whether or not it impairs the debtor's homestead exemption.

9. When Congress enacted the Reform Act of 1994, it appears Congress intended for debtors to be able to avoid intervening judicial liens that impair their exemptions.  The House Report specifically noted that the amendment to the Bankruptcy Code overruled In re Simonson, 758 F.2d 103 (3d Cir. 1985), in which the Third Circuit Court of Appeals held that a debtor could not avoid a judicial lien where it was senior to a nonavoidable mortgage and the mortgages on the property exceeded the value of the property.  See 11 U.S.C. § 522(f) comment on House Report (Reform Act of 1994) (citing H.R. Rep. 103-834, 103rd Con., 2nd Sess. 35-37 (Oct. 4, 1994); 40 Cong. Rec. H10769 (Oct. 4,

1994)).    The  House  Report  then  adopted  the  position  of  the dissent in the Simonson case.  See id.

   10.   In his dissent, Judge Becker stated that:

> In my view, under the structure of the bankruptcy code, the relative priority positions of the four encumbrances are critical.  I believe that a judicial lien "impairs" an exemption with respect to overencumbered property to the extent that the judicial lien, according to its amount and priority position, attaches to a portion of the value of the property.  For example, in this case judicial liens of $14,411.33 are junior only to a valid mortgage of $25,145.95 on a property worth $58,250.  Because $39,567.28 ($14,411.33 + $25,145.95) is less than $58,250, the full amount of the judicial lien attaches to value in the property, impairs the exemption, and is therefore avoidable under section 522(f).  On the other hand, if both valid mortgages were senior to the judicial liens, as will commonly be the case, I would agree that the judicial liens would not impair the exemption.

See Simonson at 107.

   11.   In this case, taking into consideration the priority status of CreditOne's lien, it clearly attaches to a portion of the value of the property and impairs an exemption to which the debtor would otherwise be entitled.  Thus, the court finds that CreditOne's lien is avoidable under 11 U.S.C. § 522(f).  Consequently, the court overrules CreditOne's Objection to Motion to Avoid Judicial Lien

   12.   The only basis on which CreditOne objected to the confirmation of the debtor's Plan was the inclusion of the motion to avoid its lien.  Therefore, the court also overrules CreditOne's Objection to Confirmation of Plan.

It is therefore **ORDERED** that:

1. The debtor's motion to avoid the lien of CreditOne is granted;

2. CreditOne's Objection to Motion to Avoid Judicial Lien is overruled; and

3. CreditOne's Objection to Confirmation of Plan is overruled.

| | |
|---|---|
| This Order has been signed electronically.<br>The Judge's signature and Court's seal<br>appear at the top of the Order. | United States Bankruptcy Court |